IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

MARY O'GEDA,

     Plaintiff,

v.                                                                C.A. No.:     6:16-cv-309

AZM INVESTMENTS, LLC,
d/b/a/ STOP & START EXPRESS #2; and,
MOHAMMED AZAM

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARY O'GEDA (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sues Defendants, AZM INVESTMENTS, LLC, D/B/A STOP & START EXPRESS #2, and MOHAMMED AZAM (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.      This Court enjoys federal question jurisdiction under 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, AZM INVESTMENTS, LLC, D/B/A STOP & START EXPRESS #2, has offices located in Limestone County, Texas.

## THE PARTIES

4.      Plaintiff, MARY O'GEDA, is an individual residing in Limestone County, Texas.

5.      Plaintiff, MARY O'GEDA, was at all times material employed by Defendants from January 20, 2013, through February of 2015, as a cashier at the hourly rate of $8.00 per hour.   From February of 2015 until July 26, 2016, Plaintiff was employed by the Defendants as a "manager" at the hourly rate of $10.00 per hour.   Some of Plaintiff's principle duties were to collect cash and process credit cards for transactions made by the customers of the Defendants.

6.      Defendant, AZM INVESTMENTS, LLC, D/B/A STOP & START EXPRESS #2, has employees subject to the provisions of 29 U.S.C. § 206 in the

2

facility where Plaintiff was employed.

7.      Defendant, AZM INVESTMENTS, LLC, D/B/A STOP & START EXPRESS #2, operates a company that primarily operates convenience stores throughout Texas and is an employer as defined by 29 U.S.C. § 203(d).

8.      At all times material to this complaint, Defendant, AZM INVESTMENTS, LLC, D/B/A STOP & START EXPRESS #2, employed two or more employees.

9.      At all times material to this complaint, Defendant, AZM INVESTMENTS, LLC, D/B/A STOP & START EXPRESS #2, had an annual dollar volume of sales or business done of at least $500,000.00.

10.      At all times material to this complaint, Defendant, AZM INVESTMENTS, LLC, D/B/A STOP & START EXPRESS #2, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s

11.      Additionally, Plaintiff individually engaged in commerce through the processing of credit/debit card through the channels of interstate commerce, e.g., telephones and other digital devices

12.      Defendant, MOHAMMED AZAM, is an individual who at all times

relevant to this matter acted directly or indirectly in the interest of Defendant, AZM

INVESTMENTS, LLC, D/B/A STOP & START EXPRESS #2, in relationship to

Plaintiff.

13.    Defendant, MOHAMMED AZAM, hired and/or fired the Plaintiff.

Defendant, MOHAMMED AZAM, also supervised and controlled Plaintiff's work

schedule as well as the schedule and rate and method of payment for Plaintiff.

14.    Defendant, MOHAMMED AZAM, was the employer of the Plaintiff

as defined by the Fair Labor Standards Act.

15.    At all times material to this Complaint, the Defendants were the

employer of the Plaintiff and, as a matter of economic reality, Plaintiff was

dependent upon Defendants for her employment.

16.    Throughout the employment of Plaintiff, Defendants repeatedly and

willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to

compensate Plaintiff at a rate not less than one and one-half times her regular rate of

pay for each hour worked in excess of 40 in a workweek.

17.    Throughout her employment with the Defendants, Plaintiff worked in

excess of forty hours per workweek, yet was not adequately compensated for all

work in excess of 40 hours at a rate not less than one and one-half times the regular

rate at which she was employed.   As a cashier, Defendants paid Plaintiff straight

time only.    As a manager, Defendants paid Plaintiff no overtime at all.

18.    Defendant willfully deprived Plaintiff of the overtime wages she was due under the FLSA.

19.    Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

20.    Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

21.    The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

22.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

23.    Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

24.    Plaintiff has retained the law firm of Ross Law, P.C., to represent her in this action and has agreed to pay said firm a reasonable attorney's fee for its services.   Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel.   Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MARY O'GEDA, demands Judgment, jointly and severally, against Defendants, AZM INVESTMENTS, LLC, D/B/A STOP & START EXPRESS #2, and MOHAMMED AZAM, for the following:

a.    Unpaid overtime wages found to be due and owing;

b.    An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

c.    Prejudgment interest in the event liquidated damages are not awarded;

6

d.    Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.    Any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, MARY O'GEDA, demands a jury trial on all issues so triable.

Respectfully submitted, August 2, 2016.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810